Mr. Justice Clayton
delivered the opinion of the court.
The principles which govern this case are very familiar, and have been frequently recognized by this court. The authority of an attorney upon a general retainer to collect money, extends no farther than to receive the amount in legal'currency. If he accept anything else, without special authority, the client may refuse to acknowledge it as payment, and re-issue the execution.
In this case the attorney received the notes of third persons, *27 and gave a receipt for them as so much cash. These notes have not been paid to him. There is no proof that he had any special authority to receive these, or that the plaintiff recognized the payment.
The attorney, in his deposition, says, he does not recollect that he had any special authority for such purpose, but two other witnesses state that at the time of the transaction he represented that he had such authority. This contradictory testimony may detract from the credibility of the attorney, but cannot establish the fact that he had the necessary authority. Something more than his mere declaration is required. The character of the attorney for integrity and veracity is proven to be very good.
The charge given by the court was in accordance with the principles above stated, but the verdict is in opposition to the charge and to the testimony. The court overruled a motion for a new trial. There is nothing to sustain the finding, for even if the evidence of the attorney be rejected, still there is nothing to warrant the verdict. If he made a false representation of his authority, and thereby induced Lowry to make the settlement, he is liable to him for any loss sustained. But the plaintiffs are not bound by the act, according to the present state of the testimony. Something is said of the acquiescence of the plaintiffs in the act; it is not shown, when the transaction became known to them, or what course they adopted when informed of it. Knowledge or notice of a transaction is necessary to constitute a ratification by acquiescence.
On the whole, we think it more conducive to the ends of justice, that a new trial should be had, and the judgment will be reversed and new trial awarded.